# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1948-18T2

NEW JERSEY DIVISION
OF CHILD PROTECTION
AND PERMANENCY,

     Plaintiff-Respondent,

v.

L.C.,

     Defendant-Appellant,

and

L.W.,

     Defendant.

_____

IN THE MATTER OF THE
GUARDIANSHIP OF J.W.
and L.W.,

     Minors.

_____

Submitted December 4, 2019 – Decided December 27, 2019

Before Judges Koblitz, Whipple and Mawla.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Union County, Docket No. FG-20-0047-18.

Joseph E. Krakora, Public Defender, attorney for appellant (Robyn A. Veasey, Deputy Public Defender, of counsel; Durrell Wachtler Ciccia, Designated Counsel, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Samuel Fillman, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minors (Margo E.K. Hirsch, Designated Counsel, on the brief).

PER CURIAM

Defendant L.C. (Lori)[1] appeals the December 11, 2018 judgment of guardianship after a trial terminating her parental rights to her twins J.W. and L.W. (Joe and Lois). Having reviewed the record, we affirm for the reasons expressed by Judge James Hely in his opinion delivered from the bench the same day. We add the following comments.

This is not the first time Lori's parental rights were terminated. On March 11, 2014, Lori entered the Elizabeth Police Department with then six-month-old

---

[1] We use the pseudonyms from defendant's brief for ease of reference and to protect the identities of the parties.

A.W., tearfully telling officers she could no longer handle the baby, which triggered the New Jersey Division of Child Protection and Permanency's (Division) involvement. A subsequent determination by the Family Part terminated Lori's parental rights because her failure to manage and address her psychiatric issues continued to place A.W. at substantial risk of harm. A.W. was then placed with her paternal grandparents, who adopted her. We affirmed the judgment of guardianship as to A.W. N.J. Div. of Child Prot. & Permanency v. L.C., No. A-3983-15 (App. Div. Apr. 19, 2017).

Lori gave birth to Joe and Lois in North Carolina on May 14, 2015 and returned with them to New Jersey in July 2015. The twins' father is also A.W.'s father, L.W. (Leo).[2] In September 2015, the Division removed the twins from Lori because she was not taking her medication or participating in therapy, thus putting the twins at risk for harm. The twins were placed with their paternal grandparents, where they remain.

A complaint for guardianship was filed on June 28, 2018, and a trial was conducted over several days, culminating in the entry of judgment on December 11, 2018. During the trial, the Division presented testimony of three witnesses:

---

[2] Leo executed an identified surrender of the twins to his parents, who also care for A.W.

Lynette Bernardo, the Division adoption worker; Carla Cooke, Ed.D., a psychology and bonding expert; and Samiris Sostre, M.D., a psychiatrist. Lori did not testify and presented no witnesses.

Based on his evaluation of the evidence presented, and finding the Division witnesses to be credible, Judge Hely determined that despite Lori's compliance with individual therapy services, her significant mental health issues had not resolved and were either unchanged or had worsened. This appeal followed.

On appeal Lori argues the trial judge incorrectly applied the legal principles governing termination of parental rights to the facts, and that the record was insufficient to satisfy the level of proof necessary to establish Lori was unable to parent. Lori also argues the Division did not make reasonable efforts to reunify her with Joe and Lois. We disagree.

Based on our review of the record, we conclude that Judge Hely's factual findings are supported by substantial credible evidence, and that his legal conclusions are sound in light of those findings. See N.J. Div. of Youth & Family Servs. v. R.G., 217 N.J. 527, 552 (2014). In particular, we agree with the trial judge's conclusion that the record convincingly demonstrated Lori has a serious mental health problem that, even with treatment, is unlikely to improve

A-1948-18T2

to a level which would permit safe parenting. We reject the argument that the Division did not provide reasonable efforts to reunite Lori with the twins, as the Division continued to provide her with services for three years after the first guardianship order was entered. The twins now live with their paternal grandparents and their sibling, A.W., and it was clearly and convincingly proven that it is in their best interests to remain there.

Lori's other arguments are unavailing and not supported by credible evidence in the record. Her contentions are without sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1948-18T2